THOS. H. STARTS, ETC., *v.* COMMONWEALTH FOR USE OF COFFEE ET AL.

**Guardian and Ward—Pleading.**

Where a foreign guardian sues the domestic guardian and the sureties on his bond for money belonging to the wards, and sets out in his petition a judgment for money due the wards and failure to pay, a sufficient cause of action is shown.

**Guardian and Ward—Suit Against Domestic Guardian by Foreign Guardian.**

Under §§ 16, 17, art. 2, ch. 43 R. S., a foreign guardian is authorized to sue a domestic guardian and his sureties on the guardian's bond for money belonging to the wards, where the domestic guardian refused to pay a judgment therefor.

APPEAL FROM WARREN CIRCUIT COURT.

October 8, 1873.

OPINION BY JUDGE PETERS:

This suit was brought by and in the names of appellees as guardians of Fannie Vertrees, an infant under 21 years of age, against appellants to recover a sum of money held by appellant, Thomas H. Starts, who claims the right to retain the money by virtue of an appointment as guardian for said infant by the Warren county court.

It is alleged in the petition that the plaintiffs therein are the duly appointed and qualified guardians of the person and estate of said Fannie Vertress in the county of Williamson and state of Texas, and filed their petition in the Warren circuit court against said T. H. Starts praying for a judgment for the removal of the money and property of their ward to said county of Williamson, state of Texas,

at that time and now the residence of said ward. And that by a judgment of said Warren circuit court, the same court in which this suit was brought, at its July term, 1872, said Starts was ordered to pay over the amount of money belonging to his ward, being $643, to the foreign guardians, or their attorneys, which judgment is filed as a part of the petition. Appellees allege that said Starts failed and refused to pay said sum of money or any part thereof, as directed in said judgment, and this suit was brought against him and his sureties on his guardian bond to coerce the payment of the money.

A demurrer was filed to the petition, which was overruled by the court below and no further defense being made judgment was rendered against appellants and they have appealed.

It is here insisted, first, that the relators had no capacity to sue; second, that the ward should have been joined as plaintiff, and third, that the facts stated do not constitute a cause of action.

As to the first objection it is sufficient to say that the proceeding in the name of the foreign guardian is authorized by Sec. 16 and 17, Art. 2, Chap. 43, of the Revised Statutes, as this court held in *Martin v. McDonald,* 14 B. M. 437, and in *Swayzee v. Miller,* 17 Ib. 564.

A judgment had been rendered by the court having jurisdiction of the matter against the resident guardian for the money in his hands to be paid over by him to the foreign guardian. That judgment is set out in the petition, and the failure to pay over the money as therein required is alleged, which in our judgment is sufficient to show a cause of action against the resident guardian and his sureties.

Nor was it necessary under the statute *supra* to join the ward as a plaintiff.

Judgment *affirmed.*

*J. W. Gorin, for appellants.*

*J. A. Mitchell, for appellees.*